Kenneth L. NIX, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of the Department of Health and Human Services, Defendant.

Civ. A. No. 86-K-2212.

United States District Court, D. Colorado.

June 24, 1987.

Kenneth L. Nix, Fort Collins, Colo., for plaintiff.

William G. Pharo, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

After being struck by a drunk driver, plaintiff, an auto mechanic, was initially awarded a period of disability and disability insurance benefits commencing September 17, 1976. Later, in July 1980, his benefits were terminated due to his failure to appear for two medical examinations. Plaintiff requested reconsideration alleging that, because of financial and health problems and lack of transportation, he was unable to appear for the examinations. On December 17, 1980, the determination was affirmed and no further appeal was requested. On October 28, 1981, plaintiff reapplied for a period of disability from September, 1980 and for disability insurance benefits. The claim was denied on December 3, 1981. No further appeal was made.

On December 20, 1983, plaintiff filed an application with an onset date of September, 1981. After denial of the application, plaintiff requested a hearing. At the hearing, plaintiff amended his onset date to November 30, 1983. In a decision dated December 5, 1984, plaintiff's benefits were again denied. Plaintiff requested Appeals Council review of the decision which was denied. On July 16, 1985, pursuant to plaintiff's appeal, I reversed the decision of the Secretary and ordered plaintiff's benefits reinstated commencing November 30, 1983.

In November, 1985, plaintiff requested an administrative hearing for reinstatement of his benefits retroactively to August, 1980. Pursuant to 20 CFR § 404.957, the administrative law judge dismissed plaintiff's request for a hearing and declined to reopen the December 3, 1981 decision. The Appeals Council granted plaintiff's request for review but dismissed plaintiff's request for a hearing on the basis of res judicata.

Plaintiff again appeals for review of defendant's denial of his request for a hearing. Defendant has moved for summary judgment, contending plaintiff's request for benefits before November 1983 has already been adjudicated and is therefore res judicata.

Plaintiff's efforts to reinstate his benefits are as discouraging as they are long. Throughout most of the proceeding, he has been pursuing his request without the assistance of legal counsel, which he cannot afford. At this point, however, he is

barred from further pursuit of his request. As defendant argues, 42 U.S.C. § 405(g) provides the exclusive method for review of the Secretary's final decision. 42 U.S.C. § 405(h) ("[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided"); *see Califano v. Sanders*, 430 U.S. 99, 106, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977); *Califano* at 111, 97 S.Ct. at 987 (Stewart, J., concurring) (§ 405(h) limits plaintiff to whatever jurisdiction is provided by § 405(g)). Section 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days....* in the district court of the United States for the judicial district in which the plaintiff resides....

(Emphasis added.)

Because plaintiff did not request appeal of the December 3, 1981 decision to deny benefits dating back to September 1980, his request for reinstatement of his benefits back to August, 1980 necessarily entails reopening the December 3, 1981 decision as provided in 20 CFR § 404.988. On April 7, 1986, the administrative law judge declined to reopen the decision and this determination was affirmed by the Appeals Council. According to the Supreme Court in *Califano v. Sanders*, a decision not to reopen a previous determination is not reviewable by a civil court:

> We also agree that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to *reopen* claims for social security benefits ... This provision clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made a after hearing." But a petition to reopen a prior final decision may be denied without a hearing as provided in § 205(b), 42 U.S.C. § 405(b).... Indeed, the opportunity to *reopen* final decisions and any hearing convened to determine the propriety of such action

are afforded by the Secretary's regulations and not by the Social Security Act. *Califano*, 430 U.S. at 107–8, 97 S.Ct. at 985 (emphasis added).

Thus absent plaintiff's timely appeal of the December 3, 1981 decision, I cannot review the determination of plaintiff's benefits before the date fixed in my order of July 16, 1985.

Plaintiff may not have known of his right to appeal after the December 3, 1981 decision. While this situation is most unfortunate, I must follow the clear intent of Congress, plainly evidenced in § 405(g), to impose a 60–day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.

Accordingly, IT IS ORDERED that defendant's motion for summary judgment is GRANTED. This case is dismissed, each party to bear its or his own costs and fees.